ANASTASIA MURPHY, Appellee, *vs.* MATTHIAS SCHNELL, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. PRACTICE—*cause should not be referred to one master to report on evidence taken by another.* It is error to refer a cause to one master in chancery to report his conclusions of law and fact upon the evidence taken before another master.

2. EVIDENCE—*a written contract is the evidence of its terms.* Evidence of prior or contemporaneous negotiations leading up to a written contract, and of conversations or declarations at the time the contract is made, or afterwards, is not admissible, except that where the contract is not intended to be a complete statement of the whole transaction, evidence of a separate parol agreement as to matters not inconsistent with the terms or legal effect of the written one, or about which the latter is silent, is admissible.

3. CONTRACTS—*when a written contract is not ambiguous.* A written contract whereby one partner in a land syndicate agrees to sell to another partner "my undivided one-fifth part of Schnell's first addition to the city of Rock Island," clearly refers to nothing but real estate, and evidence tending to show that it was meant to include the proposed vendor's interest in the syndicate, including notes, mortgages and choses in action derived from the sale of lots before the date of the contract, is not admissible in a proceeding to specifically enforce the contract according to its terms.

4. SPECIFIC PERFORMANCE—*when contract cannot be enforced.* Where one partner in a land syndicate agrees to sell his undivided interest in the land to another provided that all claims for money or endorsements on account of the syndicate were fully satisfied without loss to him, the proposed vendee is not entitled to demand

specific performance without re-payment, or an offer to re-pay, to the proposed vendor of the amount paid by him as his share of a partnership note signed by all the partners of the syndicate and given for money used in purchasing the syndicate land.

APPEAL from the Circuit Court of Rock Island county; the Hon. F. D. RAMSAY, Judge, presiding.

JOSEPH L. HAAS, (H. E. TINSMAN, of counsel,) for appellant.

WALKER, INGRAM & SWEENEY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Rock Island county for the specific performance of a contract. In 1891 a tract of sixteen acres of land in the city of Rock Island was bought in the name of the appellant, Matthias Schnell. A partnership, including the appellant and appellee, known as the Schnell Syndicate, was formed for the purpose of improving and selling this land. There were six partners, four having an interest of one-fifth each and two of one-tenth each, the appellant and the appellee each having one-fifth. The title was taken in the appellant's name, and $8200, a part of the purchase price, was paid by the partners in proportion to their respective interests. A promissory note signed by all the partners was executed for $8000, the remainder of the purchase money. M. J. Murphy, the appellee's husband, was appointed agent of the syndicate to have the land platted, make improvements and sell lots. The land was subdivided and a plat of it made and recorded. The subdivision was known as Schnell's addition to the city of Rock Island, and consisted of four blocks, divided into seventy-nine lots. Lots were sold for cash and on credit, and on some lots houses were built and the houses and lots sold. On March 25, 1893, nineteen lots had been sold, and on that date the following

contract, on which the decree of the circuit court is based, was entered into by the appellant and the appellee:

"ROCK ISLAND, ILL., *March 25, 1893.*

"For and in consideration of ten dollars in hand, the receipt of which is hereby acknowledged, I agree to sell to Anastasia Murphy my undivided one-fifth (1/5) part of Schnell's first addition to the city of Rock Island, county of Rock Island and State of Illinois, for the sum of two thousand dollars ($2000), the balance, nineteen hundred and ninety dollars, to be paid on or before the first day of May, 1893. All monies due me by the Schnell syndicate on said property to be paid me at same time or this agreement to be void.                    MATTHIAS SCHNELL.

"No deed to be given by said Schnell until all claims for monies or endorsements on account of Schnell syndicate are fully satisfied without loss to him.            ANASTASIA MURPHY,
                                                  Per M. J. Murphy,
                                             M. SCHNELL."

At the date of this contract the appellant held two promissory notes of the appellee,—one for $1000, dated January 24, 1890, and one for $500, dated June 2, 1890,—each bearing six per cent interest and due in one year after date. On April 29, 1893, the appellee's husband deposited $1000 to the appellant's credit in the Rock Island National Bank. The testimony is contradictory as to the conversation between appellant and Murphy about this deposit. Murphy testified that he told the appellant that he had made the deposit on the contract and asked the appellant whether he wanted the balance on the first, and that the appellant told him that any time within a week would do; that Murphy then asked the appellant if there was anything due him from the syndicate, and the appellant answered that the syndicate did not owe him anything. The appellant testified that when Murphy told him he had deposited $1000 as part payment on the lots he told Murphy that would not do; that Murphy owed appellant that money on the notes, which he had agreed to pay first, and that appellant would have to give him credit on the notes before he could give him any credit on the contract. Murphy is corroborated by

his brother, who was present, and in any case the appellee, and not the appellant, had the right to determine the application of the payment. Afterward, on December 22, 1894, nearly twenty months later, the appellee presented to the appellant a quit-claim deed conveying to her the appellant's interest in the lots in the subdivision and demanded that he execute it. Upon his refusal the bill in this case was filed, on December 28, 1894. The suit was pending in the circuit court more than fifteen years. It was put at issue by the filing of a replication on June 4, 1895, and was referred to the master at the May term, 1896. Thereafter evidence was taken in the cause at intervals and was all reported to the court in May, 1900. No step was taken in the cause until January 3, 1905, when the cause was referred to another special master to report his conclusions of law and fact from the evidence reported, who in April, 1906, reported recommending that the bill be dismissed. The reference to a master to report conclusions of law and fact upon the evidence taken before another master was erroneous, but no objection was made to it or to his report on that ground. However, some three years later, on July 3, 1909, the court disregarded the master's findings, found that the appellee was entitled to a specific performance, referred the cause to another special master to ascertain the amount due from the syndicate to Schnell, and finally, on May 18, 1910, entered a decree in favor of the appellee.

The parties differ as to what was the subject matter of the contract. The appellee insists that the appellant by the contract sold to her not only all his interest in Schnell's addition to the city of Rock Island, but also all his interest in the property of the Schnell syndicate, including the notes, mortgages and choses in action derived from the sale of the nineteen lots sold before the date of the contract. The language of the contract is plain enough. Its meaning is not ambiguous. By it the appellant agreed to sell

his undivided one-fifth part of Schnell's first addition to the city of Rock Island. There is no doubt or ambiguity in that expression. It can refer to nothing but real estate. Much oral evidence was introduced for the purpose of showing a different intention of the parties, but it was all incompetent. Evidence of prior or contemporaneous negotiations leading up to the consummation of a contract, or of conversations or declarations at the time it was completed, or afterwards, is always rejected, subject to the qualification that a separate parol agreement as to any matters not inconsistent with the terms or legal effect of the written agreement, and on which it is silent, may be shown when it appears that the written instrument was not intended to be a complete and final statement of the whole transaction between the parties. (*Fuchs & Lang Co.* v. *Kittredge & Co.* 242 Ill. 88.) The contract was dictated by the appellant and written by M. J. Murphy, who executed it on behalf of his wife. There is no allegation in the bill or claim advanced in argument of any fraud, misrepresentation, accident or mistake occurring in the negotiation or execution of the contract. The bill does not ask for a reformation of the contract but for an enforcement of it according to its terms. The decree was based on the theory of appellee, and required the appellant not only to convey to the appellee his interest in Schnell's addition, but also to account to her for all his interest in the Schnell syndicate, including notes and cash arising out of the transactions of the syndicate prior to the contract between the appellant and the appellee, amounting to more than $3000. This was erroneous. Moreover, the evidence shows that the appellee never complied with the contract on her part and was never in a position to demand performance of the appellant. By the terms of the contract the appellant was not required to make a deed until all claims for money or endorsements on account of the Schnell syndicate were fully satisfied without loss to him. At the time this contract was made

the $8000 note given for the purchase money had been re-
newed and would fall due in the following September. It
was not paid when due but various payments were made on
it out of the funds of the syndicate. The appellee, as one
of the partners in the syndicate, had signed this note, and
on August 18, 1894, she paid on it $913.56, which was her
proportionate share, as a maker, of the amount then re-
maining due. The note was subsequently paid, the appel-
lant paying his proportionate share, which was the same as
appellee's. The appellee has never re-paid or offered to re-
pay this amount. This note was money on account of the
Schnell syndicate which the appellant was bound for, and
until it was satisfied without loss to him he was under no
obligation to make a deed to the appellee.

The decree will be reversed and the cause remanded to
the circuit court, with directions to dismiss the bill.

*Reversed and remanded, with directions.*