Dwight Jackson and J. Howard Holbrook, Plaintiffs in Error, v. George E. Marshall et al., Defendants in Error.

Gen. No. 17,915.

1. CONTRACTS—*when intent must be gathered from instrument.* Where there are no allegations in a bill that there was error or mistake in reducing a contract to writing, and there is no prayer for its reformation, matters set up in such bill to the effect that the parties intended something not expressed are immaterial, and the intent must be gathered from the language of the instrument.

2. CONTRACTS—*negative enforcement where contract lacks mutuality.* No relief can be granted under a bill praying that defendants be enjoined from passing resolutions depriving complainant of his office as treasurer of defendant company in alleged violation of a contract, since complainant could not be compelled to serve as treasurer or render the service contemplated by the contract.

3. CONTRACTS—*when not properly signed to bind parties.* Where two companies are consolidated by agreement and a contract to the effect that complainant shall be elected treasurer of the new company is signed by complainant and defendant as presidents of their respective consolidating companies, complainant did not personally agree to serve the new company nor did such company agree to employ him.

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 4, 1913.

PRINGLE & FEARING, for plaintiffs in error.

C. H. POPPENHUSEN, JOSEPH L. McNAB and EDWARD R. JOHNSTON, for defendants in error; S. S. GREGORY, of counsel.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiffs in error, Dwight Jackson, Edward A. Waldschmidt and J. Howard Holbrook filed their bill of complaint against defendants in error, George E.

Marshall, Newton Lull, J. Harry Jones, Lewis T. Marshall, Oscar T. Willard, Mary Marshall, R. E. Spath and the Marshall-Jackson Company, a corporation, setting forth that prior to June 6, 1904, complainants and certain other persons owned the total capital stock of the Thayer & Jackson Stationery Company, an Illinois corporation, which company had been up to June 6th engaged in the stationery business in Chicago, and was in a prosperous condition; that George E. Marshall & Company was on that date engaged in the stationery business in the city of Chicago, and that George E. Marshall, Newton Lull, J. Harry Jones, Lewis T. Marshall and Oscar T. Willard, defendants, were the owners of the capital stock of George E. Marshall & Company, a corporation.

That on June 6th, and prior thereto, the directors, stockholders and officers of the said companies negotiated concerning the consolidation of the companies, and the negotiations culminated on that day in the execution of a contract between George E. Marshall & Company and the Thayer & Jackson Stationery Company, which provided that George E. Marshall & Company should change its corporate name to Marshall-Jackson Company, and increase its capital stock from the sum of $100,000 to $250,000, of which the new capital stock of $150,000 should be 6% cumulative preferred stock, and the remaining $100,000 should be common stock, and that the stockholders of both companies should surrender the stock which they held in their respective companies, and in lieu thereof should receive stock of the new company, naming the proportion of stock which the stockholders of the Thayer & Jackson Stationery Company should receive and the stockholders of said George E. Marshall & Company should receive.

The contract further provided that the number of directors of said George E. Marshall & Company should be increased to five, and that complainant Dwight Jackson and one other of the then holders of

the stock of the Thayer & Jackson Stationery Company should be elected as members of the board of directors. The contract further contained the following clause, which is particularly involved in this controversy:

"That Dwight Jackson shall be elected treasurer of said Marshall-Jackson Company at a salary of four thousand dollars ($4,000) per annum. His specific duties being to promote the general welfare of the business and especially to strive for the increase and development of the business now controlled by the Thayer & Jackson Stationery Company."

The contract was signed "George E. Marshall & Company, by George E. Marshall, President. Thayer & Jackson Stationery Company, by Dwight Jackson, President," and it seems to have been approved by the shareholders of the latter company.

The bill avers that the agreement set forth for the consolidation of the two companies was carried out as agreed, and that all the assets of the companies were transferred to the new company, called the Marshall-Jackson Company, which was organized instead of increasing the stock of George E. Marshall & Company, and that the new company assumed all the obligations and debts of the respective companies, and that Dwight Jackson, the complainant, was chosen treasurer of the new company in accordance with the agreement until June 8, 1910, when George E. Marshall, as president of the said Marshall-Jackson Company, notified Jackson that at the meeting of directors to be held immediately following the next annual meeting of the stockholders of the Marshall-Jackson Company, complainant, Jackson, would not be elected treasurer of the company, and that the emoluments of said office would not be paid to him.

The bill prayed a decree be entered restraining and enjoining the defendants from passing any resolution at the meeting to be held on June 15, 1910, or at any date thereafter, whereby Dwight Jackson, complain-

ant, will be deprived of his office of treasurer in the Marshall-Jackson Company, or whereby any other person will be elected in his place, and preventing and enjoining the defendants from passing any resolution at such meeting of stockholders or directors on June 15, 1910, or subsequent thereto, which will in any manner deprive said Jackson of his salary of $4,000 per annum as treasurer, and restraining and preventing the corporation, its officers, agents and employes from interfering with or hindering the said Jackson from the full knowledge of the business and affairs of the Marshall-Jackson Company, and from participating therein, and for such other and further relief in the premises as should seem agreeable to equity and good conscience.

Some amendments were filed to the bill which will be referred to later, and a demurrer to the bill as amended was sustained by the court and the bill dismissed for want of equity. From the decree, Jackson and Holbrook prosecuted this writ of error.

It will be noted that the contract set out in the bill was between the corporation, George E. Marshall & Company and the Thayer & Jackson Stationery Company. Neither of the complainants was a party to it, nor were the stockholders of the respective companies parties to the agreement. It will be further noted that the agreement does not provide for the time or period during which Mr. Jackson was to be elected and re-elected to the office of treasurer and paid the stipulated salary. It may be further stated that the bill contains no averments to the effect that there was any fraud or misrepresentation or concealment in the making of the contract by either party.

Two amendments were filed to the bill, one on June 17, 1910, and the second on July 29, 1910. The first amendment alleges that it was the intent of the parties that the contract should be entire and not to separate any part or make any part of the contract divisible from the balance of the contract, and that at and be-

fore the time of the making of the contract it was the intention of the parties that the position of treasurer of the said Marshall-Jackson Company should be held by Mr. Jackson so long as he should be capacitated to perform the duties mentioned in the contract. By the second amendment, it was alleged that at the time the contract was entered into, the consideration which induced Mr. Jackson and the other stockholders of the Thayer & Jackson Stationery Company to relinquish their stock for stock in the Marshall-Jackson Company, was the fact that Jackson was to become and remain the treasurer of the company with the duties specified in the contract so long as he should be able to perform such duties, and that he entered into the contract upon that consideration, and that the consideration of $4,000 per annum was not a distinct and separate consideration for such service alone; but that the exchange of stock of the Thayer & Jackson Stationery Company was based partly upon the consideration that Mr. Jackson was to be and remain treasurer of the Marshall-Jackson Company with the duties and responsibilities and at the salary mentioned.

In our opinion, the matters set up in the original bill and in the amendments thereto to the effect that the parties intended something not expressed by the contract are immaterial and cannot be considered. The intent must be gathered from the language of the instrument relied upon. Adams & Westlake Mfg. Co. v. Cook, 16 Ill. App. 161; Fuchs & L. Mfg. Co. v. Kittredge & Co., 242 Ill. 88; Murphy v. Schnell, 248 Ill. 182. In the absence of any allegations in the bill that there was any error or mistake in reducing the contract to writing and in the absence of any prayer for its reformation, the court cannot consider anything outside the contract itself for any purpose in this case.

If the contract be considered as a contract between the complainants and the defendants, we do not think the complainants, or either of them, are entitled to any

relief under the bill for the reason that it is settled in this state that the jurisdiction of equity to enjoin a breach of a contract is substantially coincident with its jurisdiction to compel specific performance, and that the contract cannot be negatively enforced by injunction restraining its breach, because of the want of mutuality in its terms and requirements. In Welty v. Jacobs, 171 Ill. 624, the court laid down the principle, that before a contract can be specifically enforced there must be mutuality in its terms so that it can be enforced by either party. The court held it was plain that to enjoin one from doing something in violation of his contract was an indirect mode of enforcing its affirmative provisions. It was, therefore, held that the manager of a theatrical company could not enjoin the proprietor of a theatre from refusing to furnish his theatre, stage hands, music, etc., according to the terms of a contract, as such contract could not be specifically enforced, and because the proprietor of the theatre, Jacobs, could not have specific performance against Welty, the manager. The defendants, or either of them, in the case at bar, could not enforce the contract set out in the bill against Jackson. He could not be compelled to serve as treasurer or render the personal service contemplated in the contract. In Arthur v. Oakes, 63 Fed. 310, which was a case to enjoin trainmen of a railroad from striking or quitting in a body, the court said: "It would be an invasion of one's natural liberty to compel him to work for or to remain in the personal service of another. One who is placed under such constraint is in a condition of involuntary servitude—a condition which the supreme law of the land declares shall not exist within the United States, or in any place subject to their jurisdiction. * * * The rule, we think, is without exception that equity will not compel the actual, affirmative performance by an employe of merely personal services any more than it will compel an employer to retain in his personal service one who, no

matter for what cause, is not acceptable to him for service of that character.'' Specific performance will not be decreed at the suit of a party against whom the other party to the contract has no reciprocal right to enforce the contract. Tryce v. Dittus, 199 Ill. 189; Bauer v. Lumaghe Coal Co., 209 Ill. 316. The question here involved and the cases above cited were exhaustively examined and passed upon in Ulrey v. Keith, 237 Ill. 284, and we think the law, as stated above, too well settled in this state to warrant further discussion, or the citation of further authorities.

Upon the face of the contract, however, Mr. Jackson did not sign it, or purport to sign it, as an individual. He only signed it as president or stockholder of the Thayer & Jackson Stationery Company. He did not, therefore, personally agree to serve the defendant company in the capacity mentioned in the contract, nor did the defendant company agree to employ the complainant Jackson in such capacity. It seems, therefore, unnecessary for us to discuss the validity in equity of a contract to elect a corporate officer for a period of years, for whether such a contract can be made which will control the board of directors of a corporation in such a matter does not necessarily arise upon this writ of error. The bill does not set up any ground for equitable relief, and the decree is therefore affirmed.

*Affirmed.*