## The Jasper County National Loan & Building Association, Appellee, v. John O. Coen, Appellant, and Ira E. McKibben, Appellee.

1. MORTGAGES—*assumption of mortgage debt by purchaser of property.* Where a party purchases land which is incumbered by a mortgage and assumes the payment of the mortgage debt as a part of the purchase price, the premises purchased will, in his hands, become primarily liable for the debt, and it will be his duty to pay it, and this rule will be the same although there be no formal assumption of the indebtedness, if the purchase is made expressly subject to the mortgage and the amount of the debt thereby secured is included in and forms a part of the consideration for the conveyance.

2. EVIDENCE—*parol evidence admissible to show assumption of mortgage by purchaser where contract ambiguous.* Where a contract for the exchange of properties is ambiguous as to whether one of the parties is to assume and pay the mortgage debt with which the property of the other is incumbered, parol evidence is admissible for the purpose of determining the intention of the parties in that matter.

3. MORTGAGES—*evidence of purchasers assumption of mortgage indebtedness.* Where contract for the exchange of properties was not clear as to whether one of the parties was to assume and pay the mortgage debt that incumbered the property which he took over under the contract, held that the evidence clearly preponderated in favor of his having agreed to do so.

4. APPEAL AND ERROR—*review of ruling on demurrer.* Party desiring to question ruling of trial court on his demurrer to an amended cross-bill should stand by his demurrer instead of filing an answer.

5. FORECLOSURE OF MORTGAGES—*deficiency degree where property in hands of receiver.* The fact that a receiver has been appointed and is in possession of the property does not deprive the court of its power to enter a deficiency decree on foreclosure of mortgage on property.

6. FORECLOSURE OF MORTGAGES—*allegation as to assumption of mortgage debt.* On bill to foreclose mortgage and for deficiency judgment, brought against mortgagor and his vendee, wherein the mortgagor filed a cross-bill alleging the assumption of the mortgage debt by the purchaser of the premises, held that it was not essential that the original bill should contain such allegation.

Appeal by defendants from the Circuit Court of Edwards county;

the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924. Rehearing denied September 26, 1924.

ROY E. BOLEY, for appellant; R. S. ROWLAND, of counsel.

WALKER & WALKER and LLOYD J. VOYLES, for appellees; P. C. WALTERS, of counsel.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee McKibben owned certain real estate in Bone Gap, known as the Porter property, on which he had given a mortgage of $4,000.00 to the Loan Association. He conveyed to appellant and a suit was brought against both of them to foreclose the mortgage. They answered the bill and McKibben filed a cross-bill in which he averred that appellant had assumed and agreed to pay the mortgage as a part of the purchase price and sought to hold him liable for any deficiency there might be. A decree of foreclosure and sale was entered in which the court reserved the question of appellant's personal liability for the debt for future determination. The Master sold the property and reported a deficiency of $1,191.51 and upon the evidence heard in open court a decree for that amount was rendered against appellant.

Appellant insists that as the deed to him contained a recital that it was made subject to the mortgage he was not personally liable for the debt and that the court erred in receiving parol evidence to the effect that he had assumed and agreed to pay the mortgage. Where a party purchases land which is incumbered to secure the payment of indebtedness, and assumes the payment of the same as a part of the purchase price, the premises purchased will, in his hands, become primarily liable for such debt, and it will be his duty to pay it. And this rule will be the same although there

be no formal assumption of the indebtedness, if the purchase is made expressly subject to the mortgage, and the amount of the debt thereby secured is included in and forms a part of the consideration for the conveyance. Parol evidence is admissible in such cases and the rules apply where there is an exchange of properties. *Drury v. Holden,* 121 Ill. 130; *Metzger v. Emmel,* 289 Ill. 52. The evidence shows that McKibben's property was taken at $6,000.00 less the amount of the mortgage thereon appellant paying only the difference in other property.

Before the execution of the deed the parties had entered into a written contract with reference to their trade, the material part of which is as follows:

"This agreement made and entered into this day first above written by and between Ira E. McKibben of Evansville, Ind., as party of the first part and J. O. Coen of Olney, Ill., as party of the second part, witnesseth:—That the party of the first part agree to trade his house and the land that goes with it in Bone Gap, Ill., known as the Porter property, with an incumbrance against the same being Four Thousand when first made with the payments deducted as shown by the B. & L. Ass'n, and the party of the second part to pay the taxes on said property that is due in 1923, and the party of the second part agree to trade the party of the first part for his equity in said described building: (describing certain real estate in Olney, Ill.)."

Appellant contends that the contract clearly shows that he was trading for McKibben's equity and not for the property itself and as the deed was made subject to the mortgage without an assumption clause parol evidence was not admissible. There would be some force in the contention if the contract were clear that the parties were simply dealing with reference to McKibben's equity. *Murphy v. Schnell,* 248 Ill. 182. We find, however, that the contract states that McKibben agrees to trade his house and land, not his equity, and that appellant agrees to trade for

514     Appellate Courts of Illinois.

Jasper County N. L. & B. A. v. Coen et al., 233 Ill. App. 511.

McKibben's equity and not the house and land. The contract is ambiguous and parol evidence was admissible for the purpose of determining the true intent and meaning of the parties. *Schneider v. Neubert,* 308 Ill. 40. We think the court did not err in receiving evidence to show that appellant assumed and agreed to pay the mortgage as a part of the consideration for the conveyance to him.

Appellant contends that even if parol evidence was properly received the decree is against the weight of the evidence. Mr. Voyles acted as the agent of both parties, with their consent, in negotiating the trade. Both he and McKibben testified that before the written contract was executed appellant said he would take McKibben's property and pay the mortgage. McKibben testified that a few days after the contract was made he executed his deed to appellant and took it to the office of Mr. Voyles and that appellant and Voyles were there; that Voyles examined the deed and said there should be a clause that appellant agreed to pay the mortgage; that he told Voyles to change it; that Voyles said he couldn't because his (McKibben's) wife and the notary were not there; that he (McKibben) said he would take the deed back to Evansville; that thereupon appellant said it was not necessary that he would pay the mortgage. In all of these matters he was fully corroborated by Mr. Voyles.

Appellant testified that he never agreed to pay anything on the mortgage; that the equity was all he offered to trade for or ever had in mind to trade for; that he never agreed to take care of the mortgage; that he never saw the McKibben deed until the day his attorney examined it. His attorney was not present at any of the conversations testified to by Voyles and McKibben and simply stated that at the time the deeds were exchanged there was nothing said about the mortgage. We are of the opinion that the evidence clearly preponderates in favor of the proposi-

tion that appellant assumed and agreed to pay the mortgage.

If appellant desired to question the ruling of the court on his demurrer to the amended cross-bill he should have stood by his demurrer instead of filing an answer. The fact that a receiver had been appointed and was in possession of the property did not deprive the court of its power to enter a deficiency decree. It was not essential that it should have been averred in the original bill that appellant had assumed and agreed to pay the mortgage. As there is no reversible error in the record the decree is affirmed.

*Affirmed.*