[Civ. No. 2551. Second Appellate District, Division One.—February 27, 1919.]

PATTEN & DAVIES LUMBER COMPANY (a Corporation), Respondent, v. CHARLES T. INMAN, Appellant.

[1] APPEAL—ALTERNATIVE METHOD—JUDGMENT—INSUFFICIENT BRIEFS. On an appeal under the alternative method permitted by section 953a of the Code of Civil Procedure from a judgment based on an order granting a nonsuit, where the appellant insists that the court erred in granting the motion for the nonsuit, the omission of the appellant to print in his brief any portion of the record showing, as required by section 953c of said code, that the court erred in granting the motion, is sufficient ground to justify an affirmance of the judgment.

[2] DRAFTS—ACCEPTANCE AS AGENT—NONSUIT AS TO ALLEGED PRINCIPAL—AGENT NOT PARTY AGGRIEVED.—Where, in an action against one who has accepted a draft, the defendant answered alleging that in accepting the draft he acted as agent for a third party, who at the request of the acceptor was brought in and made a party defendant but without any affirmative relief being demanded against him by the original defendant, and the trial court thereupon granted a motion for a nonsuit of the party thus brought in, the original defendant, even conceding the ruling to be erroneous, was in no position to complain.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. C. Millsap for Appellant.

Behymer & Craig for Respondent.

SHAW, J.—In this action plaintiff sued to recover upon a draft drawn by William Durflinger upon and accepted by Charles T. Inman. In his answer Inman alleged that in accepting the draft he acted for and as agent of one F. H. Richman, and asked that he be made a party defendant to the action. Thereupon plaintiff filed an amended complaint making Durflinger, Inman, and Richman parties defendant, and wherein it was alleged that Inman in making the draft acted for and as agent of Richman. Durflinger suffered default.

Richman filed an answer putting in issue the question of Inman's alleged agency in acting for him, and the result of the trial was that, at the close thereof, the court made an order granting Richman's motion for a nonsuit, and gave judgment in favor of plaintiff as against Inman, from which he has appealed.

While appellant states that he is "unable to find an error which would justify the reversal of the judgment in so far as the plaintiff is concerned," he nevertheless insists that the court erred in granting Richman's motion for a nonsuit.

[1] The record is presented in accordance with the method provided in section 953a of the Code of Civil Procedure, but, conceding appellant's right to have the alleged error reviewed, he omits to print in his brief any portion of the record showing, as required by section 953c of the Code of Civil Procedure, that the court erred in granting the motion. This alone, upon the authority of *Jones* v. *American Potash Co.*, 35 Cal. App. 128, [169 Pac. 397], and *Anderson* v. *Recorder's Court*, 36 Cal. App. 123, [171 Pac. 812], is sufficient ground to justify an affirmance of the judgment.

[2] It appears, however, that while defendant in his answer alleged that in accepting the draft he acted as agent for Richman, he demanded no affirmative relief, but contented himself by asking that Richman be brought in by plaintiff as a party to the action; hence it is apparent that Inman is not aggrieved by the ruling. He, conceding the ruling erroneous, is in no position to complain because the court denied plaintiff the relief which it asked against Richman.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.