[S. F. No. 630.   Department One.—October 1, 1897.]

ERNESTINE KRELING, Respondent, v. F. W. KRELING, Appellant.

ACTION—SPECIFIC PERFORMANCE OF CONTRACT—FORECLOSURE OF LIEN—JURISDICTION OF EQUITY—SETTLEMENT OF ADMINISTRATRIX WITH SURVIVING PARTNER—CONVEYANCE—ASSUMPTION OF FIRM DEBT—LIEN UPON PROPERTY CONVEYED.—A court of equity has jurisdiction of an action for the specific performance of a contract, and for the foreclosure of a lien upon real property conveyed by the administratrix of a deceased partner to the surviving partner, under a written agreement of settlement between them, which was approved by the probate court, and by the terms of which it was agreed, among other things, that the surviving partner should assume and pay the notes of the firm to a bank, which indebtedness was made a charge or lien upon the property conveyed; and it is immaterial to the jurisdiction of equity to enforce the lien, in such case, whether the action for specific performance of the agreement could be maintained alone or not.

ID.—PRINCIPAL AND SURETY—ACTION BY SURETY TO ENFORCE PAYMENT BY PRINCIPAL—PREVIOUS PAYMENT NOT ESSENTIAL.—By the assumption of the firm notes to the bank by the surviving partner, he became the principal debtor, as between himself and the estate of the deceased partner, and that estate became a surety; and the administratrix of that estate was authorized to bring an action to enforce payment of the notes by the principal without first making payment herself.

ID.—CONSTRUCTION OF AGREEMENT—CREATION OF LIEN.—A lien is a charge imposed upon specific property and may be created by contract of the parties, or by operation of law; and the provisions of an agreement that property to be conveyed by the administratrix of the deceased partner to the surviving partner was to be chargeable only with the debts of the firm, excepting an indebtedness to a bank, which the surviving partner agreed to assume and pay, are to be construed as making the payment of that indebtedness a charge or lien upon the property conveyed, and such charge or lien was not rendered ineffectual by the fact that the property had not been conveyed at the date of the agreement,  but the lien agreed for attached from the time of the conveyance of the property pursuant to the terms of the agreement.

ID.—CAPACITY OF ADMINISTRATRIX TO SUE—PLEADING—DEMURRER—CURE OF DEFECT IN ANSWER.—If the complaint by an administratrix is defective in not stating that the plaintiff was appointed administratrix by order and decree of the court, "duly given or made," such defect is cured where the defendant has not only recognized and recited in an agreement signed by him the representative capacity of the plaintiff, but has also described the plaintiff as administratrix of the estate in his answer; and the fact that a demurrer for want of capacity of the plaintiff to sue has been erroneously overruled will not prevent the curing of the defect in the complaint by the averments of the answer.

ID.—NONJOINDER OF DEFENDANTS—SEVERAL LIABILITY.—Where the defendant is severally liable to the action brought against him, an objection that there is a nonjoinder of parties defendant cannot be sustained.

ID.—DEFECTIVE DEMURRER—SPECIFICATION OF NONJOINDER.—A demurrer for nonjoinder of parties is defective and insufficient, when it does not contain the necessary specification of what parties should have been joined, or in what the nonjoinder consists.

ID.—FORM OF DECREE—PAYMENT OF MONEY TO BANK BEFORE SALE—ORDER OF SALE OF ONE PARCEL.—The defendant cannot object to the form of a decree enforcing a lien against him upon property conveyed to him as surviving partner, for indebtedness of the firm to a bank assumed by him, that he is permitted by the decree to discharge the obligation by paying off the indebtedness to the bank before a sale of the property is had, nor that the money is to be paid to the bank, rather than to plaintiff for the use of the bank, nor that one of the parcels of land only was specifically designated for sale, he being personally liable for the whole amount of the indebtedness.

ID.—APPOINTMENT OF COMMISSIONER TO SELL PROPERTY.—The court has authority, under sections 187 and 726 of the Code of Civil Procedure, to appoint a commissioner to sell the property upon which a lien is to be enforced.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion.

Thomas A. McGowan, and F. H. Smithson, for Appellant.

The plaintiff does not show capacity to sue as administratrix. There is no sufficient allegation of the appointment of plaintiff as administratrix, by an order duly given or made. (*Barfield v. Price*, 40 Cal. 535; *Young v. Wright*, 52 Cal. 407; Code Civ. Proc., sec. 456; *Judah v. Fredericks*, 57 Cal. 389.) Plaintiff has an adequate remedy in law, and cannot maintain this action for specific performance. (3 Pomeroy's Equity Jurisprudence, sec. 1401; Pomeroy's Specific Performance, secs. 47, 48.) The right to a specific performance only exists where the remedy is mutual. (*Duvall v. Myers*, 2 Md. Ch. 401; Pomeroy's Specific Performance, secs. 163, 166; Civ. Code, sec. 3386; *Sturgis v. Galindo*, 59 Cal. 28; 43 Am. Rep. 239; *Vassault v. Edwards*, 43 Cal. 464; *Cooper v. Pena*, 21 Cal. 403; *Butman v. Porter*, 100 Mass. 337; *Sullings v. Sullings*, 9 Allen, 234.)

H. H. Lowenthal, for Respondent.

It is competent for the parties to create a lien by contract.

(*Dingley v. Bank of Ventura*, 57 Cal. 467; Civ. Code, secs. 2872, 2881, 2920.) A suit to enforce the lien is the appropriate remedy (*Waters v. Bossell*, 58 Miss. 602), and it was not necessary that respondent should have first paid the indebtedness to the bank. (1 Jones on Mortgages, sec. 769.) The lien sought to be enforced is strictly equitable (1 Pomeroy's Equity Jurisprudence, sec. 167), and the jurisdiction is necessarily in equity. (1 Jones on Mortgages, sec. 761a.) Appellant became principal debtor, and respondent the surety. (*Tulare County Bank v. Madden*, 109 Cal. 312; *Hopkins v. Warner*, 109 Cal. 133.) Respondent being a surety had a right to enforce the obligation against the principal to pay the debt assumed. (*Abell v. Coons*, 7 Cal. 105; 16 Am. Dec. 229; *Cubberly v. Yager*, 42 N. J. Eq. 289; *Marsh v. Pike*, 10 Paige, 595; *Cornell v. Prescott*, 2 Barb. 19; *Waters v. Bossell, supra;* 1 Jones on Mortgages, sec. 761a.) The court had power to appoint a commissioner to make sale of the property. (*Mayer v. Wick*, 15 Ohio St. 548; Code Civ. Proc., secs. 187, 726.) The decree would have been erroneous if it had ordered the money paid to plaintiff. (*Waters v. Bossell, supra*.) Any defect in the complaint respecting the representative capacity of plaintiff is cured by the answer, when her representative capacity is alleged, even though it was error to overrule the demurrer. (*Shively v. Semi Tropic etc. Co.*, 99 Cal. 259; *Cohen v. Knox*, 90 Cal. 266; *Daggett v. Gray*, 110 Cal. 169.) The objection to the nonjoinder of parties was correctly overruled, the liability of defendant being several as well as joint (Code Civ. Proc., sec. 383), and the demurrer does not specify wherein the nonjoinder exists. (Code Civ. Proc., sec. 431; *O'Callaghan v. Bode*, 84 Cal. 495.)

BELCHER, C.—On December 15, 1893, William Kreling died intestate in the city and county of San Francisco, leaving as his sole heirs at law the plaintiff, who was his wife, and the defendant, who was his father. In January, 1894, the plaintiff was appointed administratrix of his estate, and thereupon duly qualified and entered upon the discharge of her duties as such. Prior to and at the time of his death he was in partnership with his father, engaged in various enterprises, and, among others, in the business of manufacturing furniture, under the firm name of

F. W. Kreling & Sons, and also in conducting the theater, known as the Tivoli Opera House, under the firm name of Kreling Brothers. The firms owned a large amount of real and personal property, and a large amount of real property stood of record in the name of the deceased. After plaintiff was appointed administratrix, several suits were commenced against her by the defendant and John and Martin Kreling, two brothers of deceased, to determine the ownership and right of possession of various properties standing in the name of deceased and claimed as a part of his estate. While these actions were pending, and before any one of them had been tried, the parties entered into a written agreement whereby they undertook to settle and compromise all their differences. This agreement was reported to and approved by the court, and a copy thereof is attached to and made a part of the complaint and findings in this action. By the terms of the agreement the plaintiff herein, who was named as party of the second part, covenanted and agreed, among other things, to convey to the defendant, by a good and sufficient bargain and sale deed, five separate parcels of land, and to pay to defendant the sum of ten thousand dollars in gold coin. And then follows a provision in these words: "And the said property, so to be conveyed, as is hereinabove set forth, is to be chargeable only with the debts of the said firm of 'F. W. Kreling & Sons,' and the said parties of the first part, jointly and severally; excepting always the mortgage on the first piece of property hereinabove described in subdivision a; also excepting an indebtedness due to the Anglo-Californian Bank, of said city and county, in the sum of five thousand (5,000) dollars, which is evidenced by two promissory notes, payable to said Anglo-Californian Bank, in the sum of twenty-five hundred (2,500) dollars each; which said last-named notes the said F. W. Kreling and F. W. Kreling & Sons are to assume the payment of." Then follow the covenants and agreements to be performed on the part of the defendant and the parties of the first part.

The controversy in this case is in regard to the indebtedness to the Anglo-Californian Bank. Plaintiff commenced the action on September 24, 1894, and alleged in her complaint, among other things, that, in pursuance of the order of the court approving the said agreement of compromise and directing that

the same be carried into effect by the parties thereto, she did
carry out all the terms and conditions of the said agreement on
her part and executed the several conveyances therein mentioned,
and paid over to the defendant the said sum of ten thousand dol-
lars as required; that the defendant did not carry out the terms
of the said agreement on his part in this, that at the time of the
execution of the said agreement there was due to the Anglo-Cali-
fornian Bank the sum of five thousand dollars, upon two promis-
sory notes, executed by the firm of Kreling Brothers, composed
of William Kreling, deceased, and by F. W. Kreling & Sons,
composed of F. W. Kreling and William Kreling, which notes at
said time were and are still held by said bank; that defendant in-
dividually, and as the surviving partner of F. W. Kreling & Sons,
promised and agreed by said contract to assume the payment of
said notes and procure a release of the said estate and herself in-
dividually from said liability to the bank thereon; that defend-
ant failed and neglected to pay to the said bank the said money,
or any part thereof, although often requested so to do by plaintiff
and by the bank, and that by reason of such failure and neglect
the said bank, on August 7, 1894, commenced an action against
plaintiff, as administratrix, etc., and against her individually, to
recover the said sum of five thousand dollars and interest, and to
foreclose a mortgage upon land owned by plaintiff, which mort-
gage the bank claims was given by said deceased, in his lifetime,
to secure payment of said sum; that after the execution by plain-
tiff of the various instruments in writing conveying to defend-
ant the property in said agreement of composition· agreed to
be conveyed, and ever since said time, the defendant has contin-
ued to dispose of the property so conveyed, with a view, as she
is informed and believes, of avoiding the payment of said sum,
and to compel plaintiff to pay the same in violation of his said
agreement.

Wherefore, plaintiff demanded judgment and a decree in ef-
fect compelling the defendant to specifically perform the agree-
ment on his part by paying the claim of the said bank within
ten days after the entry of the decree, and, on his failure to do
so, that the said land be sold under the directions of the court
to satisfy said claim, and that a commissioner be appointed by
the court to carry the decree into effect.

The defendant demurred to the complaint upon the grounds that, the court, as a court of equity, had no jurisdiction of the subject matter of the action; that the plaintiff had not legal capacity to sue; that there was a nonjoinder of parties defendant; and that the complaint did not state facts sufficient to constitute a cause of action.

The demurrer was overruled and the defendant then answered, setting up as a defense that the said agreement was obtained by fraud; that the plaintiff had not performed the covenants on her part; that the notes sued upon were given for the individual debt of the said deceased and were not the notes intended to be assumed; that the agreement was entered into through mistake, and praying that the same be canceled.

After a protracted trial the court found all the material facts in favor of the plaintiff, concluding as follows: "That all the allegations and averments of plaintiff's complaint are true, and all the denials and allegations of the defendant in his answer inconsistent with or contradictory to the allegations of plaintiff's complaint are untrue."

And as conclusions of law the court found that plaintiff was entitled to the specific performance of the agreement on the part of the defendant, as prayed for in her complaint, and that she had a lien upon all the property conveyed by her to the defendant, by virtue of the said agreement, to the extent of five thousand dollars, with interest thereon as provided in said notes, and that said property was subject to said lien.

A decree was accordingly entered, directing the defendant to specifically perform the agreement by paying the said notes within ten days, appointing a commissioner to sell one of the pieces of real property mentioned in the agreement, and from the proceeds to pay the said indebtedness, etc., in case the defendant failed to obey the decree.

From that decree this appeal is prosecuted by the defendant on the judgment roll, without any statement or bill of exceptions; and the only question is, Did the court err in overruling the demurrer?

It is claimed for appellant that the action was simply one for the enforcement of the specific performance of a contract, and that the facts stated and found to be true do not show such a case

as a court of equity will entertain, for the reason that the plaintiff had an adequate remedy at law, and, besides, that the contract sued upon lacked the essential elements of mutuality.

In our opinion, the action was not alone one to enforce specific performance. It also involved the foreclosure of a lien; and of such actions courts of equity always entertain jurisdiction.

By the terms of the agreement, appellant assumed the payment of the notes to the Anglo-Californian Bank, and when he did so, he, as between himself and the estate, became the principal debtor, and the estate a surety. (1 Jones on Mortgages, sec. 741; *Hopkins v. Warner*, 109 Cal. 133; *Tulare County Bank v. Madden*, 109 Cal. 312.) And respondent was authorized to bring an action to enforce the payment without first making payment herself. (1 Jones on Mortgages, sec. 769; *Abell v. Coons*, 7 Cal. 105; 16 Am. Dec. 229.)

Did the agreement create a lien which could be enforced? A lien is a charge imposed upon specific property, and it may be created by contract of the parties or by operation of law. (Civ. Code, secs. 2872, 2881.) The provision of the agreement was: "And the said property so to be conveyed, as is hereinabove set forth, is to be chargeable only with the debts, etc., excepting an indebtedness due to the Anglo-Californian Bank," etc.

This language, we think, must be construed to mean that the parties understood and agreed that the said indebtedness to the bank should be a charge or lien upon the property to be conveyed. And it was not rendered ineffectual by the fact that appellant had not yet acquired the property. "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing, to the extent of such interest." (Civ. Code, sec. 2883.)

The first ground of demurrer cannot therefore be sustained.

The objection that the plaintiff had not legal capacity to sue is rested upon the theory that the complaint contained no sufficient allegation of her appointment as administratrix of the estate of William Kreling, deceased. The allegation was, that on a day named, plaintiff, "by order and decree of this court, was duly appointed administratrix of the estate of said William Krel-

ing, deceased, and on said last-named day plaintiff duly qualified as such by filing her bond," etc., "as directed by order of said court, which bond was duly approved." Conceding that this allegation was defective, because it did not state that plaintiff was appointed administratrix by order and decree of the court "duly given or made" (Code Civ. Proc., sec. 456), still the representative character of plaintiff as administratrix is several times recited in the agreement which was signed by appellant and attached to and made a part of the complaint, and in defendant's answer she is spoken of as, and, in effect admitted to be, the administratrix of the estate at least four different times. A defect in a complaint may be cured by the averments of the answer, even though a demurrer had been erroneously overruled; and we think the defect complained of here, if any such existed, had been thus cured. (*Cohen v. Knox*, 90 Cal. 266; *Shively v. Semi-Tropic Land etc. Co.*, 99 Cal. 259; *Daggett v. Gray*, 110 Cal. 169.)

The objection that there was a nonjoinder of parties defendant cannot be sustained. The defendant was severally liable, and it was not necessary to join others, though they might also be liable. (Code Civ. Proc., sec. 383.) Besides, the demurrer does not specify who else should have been joined or in what the nonjoinder consists. But such specification was necessary. (Code Civ. Proc., sec. 431; *O'Callaghan v. Bode*, 84 Cal. 495.)

Appellant cannot complain that by the decree he is permitted to discharge his obligation by paying off the indebtedness to the bank before a sale of his property is had. In that respect he is certainly not prejudiced by the decree. Nor can he complain that the money is to be paid to the bank, and not to respondent for the use of the bank. Nor do we see how he can be heard to complain that one of the parcels of land only was specifically designated to be sold. *Non constat* but that the land ordered sold will be amply sufficient to satisfy the decree; and, if not, appellant will not be injured, for he is personally liable for the whole indebtedness.

Objection is made that the court had no authority to appoint a commissioner to sell the property, but, so far as we can discover from the record, it was justified in doing so, under the authority conferred by section 187 of the Code of Civil Procedure, and in conformity with the provisions of section 726 of the Code of Civil Procedure.

Without discussing further the questions presented, it is enough to say that in our opinion the complaint stated a cause of action and was sufficient. The demurrer was therefore properly overruled, and the judgment should be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.