[Civ. No. 2265.   Second Appellate District.—June 17, 1918.]

MAX L. HUBERMANN, Appellant, v. NATIONAL
SURETY COMPANY (a Corporation), Respondent.

ACTION ON BOND OF BUILDING CONTRACTOR—FINDING OF NONPERFORM-
ANCE OF CONTRACT IN FORECLOSURE ACTION — PARTIES NOT CON-
CLUDED.—In an action by the owner against the surety on a build-
ing contractor's bond, the finding of nonperformance of the contract
in a lien foreclosure action, wherein the owner and surety were
made parties defendant, is not conclusive as between them, where
neither prayed for nor was granted any relief against the other.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

E. W. Forgy, for Appellant.

Bennett, Turnbull & Thompson, for Respondent.

WORKS, J., *pro tem.*—This is an action to recover on two
bonds, given concurrently with a contract for the construc-
tion of a building for the appellant.   One of the bonds was
executed pursuant to the provisions of section 1183 of the
Code of Civil Procedure, relating to mechanics' liens, and
the other was a common-law bond, given to secure a faith-
ful performance of the building contract.   There had been
prosecuted to final judgment, before the trial of the present
action, certain consolidated actions for the foreclosure of
mechanics' liens on the building agreed to be constructed
under the contract.   Both the appellant and the respondent
were parties defendant in those actions and neither prayed
for or was granted any relief against the other.   In those
cases the trial court found that there was not a substantial
performance of the building contract.   The appellant, at
the trial of the present action, offered in evidence the
judgment-roll in the mechanic's lien cases, but the evidence
was excluded.   The trial court found that an allegation of
the complaint to the effect that the building contract had

not been performed was not true, and rendered judgment for the defendant, and the plaintiff appeals.

The appellant contends that the court.ruled erroneously in excluding the judgment-roll in the lien cases and asserts that the finding of nonperformance in those actions is conclusive upon the parties in this. The respondent takes the attitude that the judgment in the lien cases is not *res adjudicata* as between the present parties, for the reason that they were aligned together as defendants in that litigaton. The position of the respondent is correct. (Code Civ. Proc., secs. 1908, 1910; *Robson* v. *Superior Court,* 171 Cal. 588, 593, [154 Pac. 8].)

The appellant also contends that there is no evidence to support the finding of the trial court that the allegation of the complaint that there was no performance of the building contract was not true. Certain testimony which is quoted by the appellant in his brief is to the effect that there were certain departures from the strict terms of the contract in the performance of the work under it; but the trial court, having before it the evidence as to the cost and character of the building—as we must assume it did, there being no showing in the briefs to the contrary (*Paine* v. *San Bernardino V. T. Co.,* 143 Cal. 654, [77 Pac. 659])—might very well have held that these departures were trivial and that they did not affect the question of substantial performance of the contract. The burden was upon the appellant to show that the contract was not performed, and we cannot say, from the very meager reproduction of the evidence in the briefs, that the burden was sustained.

This appeal comes to us under the alternative method. It is provided by section 953c of the Code of Civil Procedure that, in presenting appeals under that method, the parties shall print in their briefs "such portions of the record as they desire to call to the attention of the court." We have been in much doubt whether the appellant has presented to us, under the terms of that section, enough of the record of the trial court to enable us to consider the point first discussed in this opinion (*Barker Bros.* v. *Joos,* 36 Cal. App. 311, [171 Pac. 1085]), and whether we ought not to affirm the judgment on that ground. As, however, the question is a close one and as an affirmance results in any event, we have determined to concede, as a basis for the discussion of the point first

considered in the opinion, that the compliance with the terms of section 953c is sufficient.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.