[Civ. No. 3076.   Third Appellate District.—February 19, 1926.]

## T. TANAKA et al., Respondents, v. HIGHWAY FARM-ING COMPANY (a Corporation), Appellant; E. S. ARDZROONI et al., Respondents.

[1] CONTRACTS—FARMING AGREEMENT—ASSUMPTION OF OBLIGATIONS BY VENDEES—ACCOUNTING FOR CROPS—PLEADING—PARTIES—EVIDENCE. Where the owner of a tract of land, after entering into an agreement for the farming of same on shares, contracts to sell said land to third parties, and the latter assume the obligations of the former farming contract, but the persons farming said lands are not parties to said contract, and in their action against said

owner and said vendees to recover the agreed percentage of the crop sold by defendants without accounting to plaintiffs it is neither alleged nor proved that plaintiffs agreed to look to said vendees for performance of the owner's obligations to plaintiffs or to release the owner therefrom, and said owner demands no affirmative relief against said vendees, but merely alleges, as a defense to the complaint, that said vendees assumed and discharged the obligations of the former, said owner is in no position to complain of a ruling of the trial court excluding evidence of the contract between said owner and said vendees.

(1) 4 C. J., p. 690, n. 84, p. 693, n. 92; 34 C. J., p. 932, n. 29.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

Williams & Fenstermacher for Appellant.

L. L. Cory, W. H. Stammer and B. H. Cory for Respondents.

FINCH, P. J.—The appellant Highway Farming Company and the plaintiffs entered into a contract, by the terms of which the latter were to perform all the work and labor in the production of a crop of grapes on 120 acres of land belonging to the former and to receive therefor "45 per cent of the gross proceeds of all the grapes," the same to be sold "jointly by the first party and the second parties in their names." The complaint alleges that thereafter the defendants E. S. Ardzrooni and L. S. Ardzrooni, as copartners, "did assume each and all of the obligations of said contract on the part of said Highway Farming Company to be kept and performed"; that the plaintiffs complied with all the terms of the contract and duly delivered the crop produced upon the premises; that the defendants did not comply with the terms of the contract, but, on the contrary, sold all of the crops "without the knowledge and consent of said plaintiffs, or in the name of said plaintiffs or either of them" and refused "to account for or pay to plaintiffs, or any one of them, said forty-five per cent of said crops to which the plaintiffs are entitled, or any amount in excess of 9 per cent thereof." The complaint then alleges the reasonable

value of the crops so sold and prays for judgment against the defendants for the amount remaining unpaid, based upon such reasonable value.

The appellant, in addition to certain denials, admitted the allegation that Ardzrooni Bros. had assumed the appellant's obligations under the contract and, for "a second, separate and affirmative answer to the plaintiffs' complaint," alleged that, after the execution of the contract, Ardzrooni Bros. "did assume each and all of the obligations of said contract on the part of said defendant, Highway Farming Company, . . . and . . . performed each and every covenant in said contract on the part of the Highway Farming Company . . . to be kept and performed, and that the said plaintiffs did accept the performance of each and every covenant of said contract by said . . . Ardzrooni Bros., in full satisfaction of the several obligations of said defendant, Highway Farming Company . . . under and by virtue of the terms of said contract." Appellant prayed that "plaintiffs take nothing by reason of his complaint against the said Highway Farming Company" and that it "be hence dismissed with its costs."

Ardzrooni Bros. filed a separate answer, denying, among other things, that the copartnership, or the members thereof, had assumed any of the obligations of the appellant under the contract.

The court found that "the defendants E. S. Ardzrooni and L. S. Ardzrooni did not, as copartners, or otherwise, assume any of the obligations of said contract on the part of said Highway Farming Company to be kept and performed, . . . and that the plaintiffs did not accept performance of any of the covenants of said contract by said firm of Ardzrooni Bros. in full or any satisfaction of any of the obligations of the defendant Highway Farming Company under or by virtue of any of the terms of said contract." The court found in favor of plaintiffs against the appellant. Judgment was entered in accordance with such findings in favor of plaintiffs against the appellant and in favor of Ardzrooni Bros. for costs of suit against the plaintiffs. The appeal is "from the judgment . . . and from the whole thereof."

[1] The contract was executed October 26, 1921. On the following day, without the knowledge or consent of the plaintiffs, the appellant entered into a contract of sale of the

crops to be produced during the life of the contract on the land in question and on other lands belonging to it. The crops produced by the plaintiffs were delivered to defendants, who disposed of the same in accordance with such contract of sale thereof. The plaintiffs testified that they had no knowledge of the sale contract until after the crops had been delivered. Before the crops were harvested the appellant entered into a contract of sale of all its lands, including the land here in question, to Ardzrooni Bros. That contract contained the following: "It is further understood and agreed that whereas first party has been employing certain parties to properly farm said land, the second party agrees to assume the obligation of the first party in connection with the hiring and employing of those parties and to make proper adjustments of these obligations." The contract was introduced in evidence. Counsel for the appellant called a witness who was present during the negotiations leading up to and at the time of the execution of the contract and, calling his attention to the clause herein quoted, examined him as follows: "Q. . . . Did you hear any discussion in regard to that particular clause of this contract? A. I did. . . . Q. What was said in the discussion in regard to that particular clause? . . . Counsel for Ardzrooni Bros.: Objected to as irrelevant, incompetent and immaterial and varies the terms of a written contract by parol evidence. . . . The Court: I will sustain the objection."

Referring to this ruling of the court, counsel for appellant say in their opening brief: "We will raise only one point in this appeal. The point to be here argued is as to whether or not the trial court erred when it excluded all testimony as to that portion of the contract between the appellant Highway Farming Company and Ardzrooni Bros., wherein and whereby, we contend, the defendant Ardzrooni Bros. became legally bound to respond to the plaintiffs for any moneys due the plaintiffs under and by virtue of their contract with defendant Highway Farming Company."

The plaintiffs were not parties to the contract between appellant and Ardzrooni Bros., and it was neither alleged nor proved that they agreed to look to the latter for performance of appellant's obligations to them or to release appellant therefrom. While, as between the defendants themselves, Ardzrooni Bros. may have become the principal

obligor and appellant a mere surety, as between the plaintiffs and appellant the obligation of the latter is primary. The appellant demanded no affirmative relief against Ardzrooni Bros., but merely alleged, as a defense, that the latter had assumed and discharged the obligations of the former. The error complained of was against the plaintiffs in favor of Ardzrooni Bros. and not against appellant. The latter, therefore, is not in a position to complain. (*Patten & Davies Lumber Co.* v. *Inman,* 40 Cal. App. 111, 112 [180 Pac. 26]; *Talcott Land Co.* v. *Hershiser,* 184 Cal. 748, 756 [195 Pac. 653].) Under the pleadings, no judgment could have been made between the defendants alone. As between them, therefore, the question whether Ardzrooni Bros. assumed appellant's obligations to plaintiffs has not been adjudicated. (Code Civ. Proc., secs. 1909, 1910; *Victor Oil Co.* v. *Drum,* 184 Cal. 226, 239 [193 Pac. 243]; *Robson* v. *Superior Court,* 171 Cal. 588, 593 [154 Pac. 8]; *Hubermann* v. *National Surety Co.,* 37 Cal. App. 569, 570 [174 Pac. 79]; *Hentig* v. *Johnson,* 8 Cal. App. 221, 224 [96 Pac. 390].) Upon payment of the judgment, appellant will be in a position to maintain an action against Ardzrooni Bros. for the recovery of the amount paid in satisfaction thereof, if in fact the latter assumed the obligations of the former to plaintiffs.

The judgment is affirmed.

Pullen, J., *pro tem.,* and Plummer, J., concurred.