[Civ. No. 6882. Third Dist. Feb. 11, 1943.]

COUNTY OF HUMBOLDT, Plaintiff, v. FRED M. KAY et al., Defendants; MARYLAND CASUALTY COMPANY (a Corporation), Appellant; JOHN N. CHAIN, M. D., et al., Respondents.

Treadwell & Laughlin, H. L. Ricks and Russell E. Barnes for Appellant.

Delos A. Mace for Respondents.

ADAMS, P. J.—Appeal from an order sustaining a demurrer to a cross-complaint and granting a motion to strike out said cross-complaint.

Plaintiff's amended complaint alleged that defendant Kay, the county clerk of plaintiff county, had converted to his own use certain moneys belonging to the county; that prior to said conversion and on October 11, 1934, Kay, as principal, and defendant Maryland Casualty Company, as surety, had made, executed and delivered a bond conditioned for the faithful performance by said Kay of all of the duties of his office as county clerk; also that prior to said conversion and on January 28, 1936, Kay, as principal, and certain named individual defendants to the action, as sureties, had made, executed and delivered to plaintiff county a bond conditioned for the faithful performance by said Kay of all of the duties of his office as county clerk. Copies of both bonds were attached to said amended complaint and incorporated therein by reference, and it was further alleged that while said bonds were in full force and effect Kay had effected the conversion aforesaid. It was further alleged that plaintiff was unable to determine from which of said defendants it was entitled to redress, and for that reason, pursuant to order of court, it had joined the defendant Maryland Casualty Company in its amended complaint, with the intent that the question as to which of defendants was liable, and to what extent, might be determined between the parties. Judgment was prayed against said defendants and each of them.

Defendant Maryland Casualty Company filed an answer in which it denied that its bond was in force or effect during the period when the alleged defalcations took place, denied such defalcations for lack of information or belief, and set up as a special defense, that, wishing to be discharged from liability it and Kay had procured its discharge as surety, and Kay had executed the new bond on January 28, 1936; that said bond had been approved by the judge of the superior court, recorded in the records of the county, and filed in the office of the county treasurer; and that by reason thereof all of the liability of Maryland Casualty Company had ceased prior to any defalcations by defendant Kay. Further answering and by way of cross-complaint against the defendants who were the sureties on the bond of January 28, 1936, the casualty company alleged the giving of its bond on October 11, 1934,

but further alleged that on January 28, 1936, it wished to be discharged from liability and that cross-defendants orally agreed with it, for a valuable consideration, to assume the liability of the casualty company thereafter accruing, and thereupon, on January 28, 1936, executed the bond attached to the complaint. This cross-complaint further alleged that a dispute had now arisen between the casualty company and the cross-defendants, that said cross-defendants denied their obligation under said bond and their obligation and agreement to assume and pay any liability accruing against the casualty company under its bond after the 29th day of January, 1936, and that an actual controversy existed between said parties with respect to their several liabilities under said bond and under said agreement; that said cross-defendants at all times well knew that the casualty company relied on its agreement with said cross-defendants, and knew that after January 29, 1936, it never collected any premiums upon the bond given by it; also that they well knew that said casualty company never took any further or other proceedings to be relieved from its liability under said bond, by reason of its reliance upon their agreement and their liability under their said bond; and if said agreement had not been made and if said cross-defendants had not executed said bond cross-complainant would have taken other proceedings to be relieved from its liability under said bond; and that in the meantime the said official (county clerk) had become insolvent and unable to discharge his obligations to the county or his obligation to pay premiums on said bond, and that by reason of the premises the cross-defendants were estopped to deny their liability under the bond executed by them.

The prayer of the answer and cross-complaint was that plaintiff take nothing; that it be adjudged that cross-defendants were bound to assume and pay any obligation of the county clerk to the county; "that it be adjudged that if, for any reason, this defendant is required to discharge any part of said obligation it is entitled to recover the amount paid from said cross-defendants."

A demurrer, both general and special, was interposed by cross-defendants, who also filed notice of motion to strike the cross-complaint on the ground that it is not a cross-complaint authorized by law, and is irrelevant and redundant. Thereafter the court sustained the demurrer and

granted the motion to strike, whereupon cross-complainant filed this appeal.

It is contended by respondents (cross-defendants) that the orders appealed from are not appealable. Insofar as the order sustaining the demurrer is concerned, this is true. (*Jordan* v. *Associated Discount Corp., Ltd.*, 10 Cal.App.2d 96 [51 P.2d 1108]; *Scott* v. *Security Title Ins. & Guarantee Co.*, 9 Cal.2d 606 [72 P.2d 143, 117 A.L.R. 1049].) As to the order striking out the cross-complaint the decision in *Howe* v. *Key System Transit Co.*, 198 Cal. 525 [246 P. 39], seems to be controlling. While in *Yandell* v. *The City of Los Angeles*, 214 Cal. 234 [4 P.2d 947], it was held that the order striking out the cross-complaint filed in that action was not a final judgment subject to appeal, the court said, pp. 235-236:

"Defendant relies mainly upon *Howe* v. *Key System Transit Co.*, 198 Cal. 525 (246 P. 39), where an appeal from an order striking out a cross-complaint was permitted. In that case, however, the cross-complaint was filed by several *defendants* against *other defendants* and the parties in the cross-action were of course not identical with those in the main action. The court held that as to the cross-complaining defendants the order was a final determination of their cause of action against the other defendants, and that it was severable from the judgment in the main action. In the instant case we have no such situation. Where the parties to both actions are the same, it cannot be said that such an order is a complete determination of the cause." (Italics by the court.)

Assuming, then, that the order striking out the cross-complaint in the present action is an appealable order, we are presented with the question whether the trial court in striking it out committed reversible error. Respondents contend that no order was entered pursuant to the court's ruling on the motion to strike, and for that reason this appeal is not permissible. There is no merit in this contention. The order of the court was: "The motion to strike . . . is hereby granted." Said order was signed by the court and filed. (18 Cal.Jur. 663-664.) It is plain that it was intended to be and was a final order.

The next question is whether the facts alleged in the cross-complaint constitute a cause of action proper to be set up as a cross-complaint. Respondents urge that the cross-

complaint was properly stricken out because it does not state a cause of action for the reasons that (1) it attempts to incorporate the two bonds by reference to the exhibits attached to the complaint; (2) it relies upon an *oral* agreement of cross-defendants to assume the liability of the Casualty Company and such an agreement cannot rest in parol; (3) cross-complainant did not take steps to be relieved of liability on its bond under the provisions of section 972 of the Political Code; and (4) the cross-complaint is improper because all of the issues in the cross-action can be determined under the pleadings in the main suit.

Without deciding whether or not the cross-complaint is sufficient in its allegations regarding the bonds, it is enough to say that if insufficient the defect is one curable by amendment, and did not justify the striking out of the cross-complaint. Furthermore the motion to strike was not based upon the insufficiency of the cross-complaint in this behalf, but upon the ground that it "is not a cross-complaint authorized by law, and contains, in its entirety, irrelevant and redundant matter," and we assume that the order striking it was based upon the same ground.

As to the second contention, that the agreement of cross-defendants to assume the liability of cross-complainant after January 28, 1936, being an oral agreement, is within the statute of frauds, it does not appear that this objection was raised in the trial court, nor are we cited to any authority except a quotation from *Stratton* v. *Hill,* 134 Mass. 27, which is not helpful in view of the provisions of section 1973 (2) of the Code of Civil Procedure and section 2794 of the Civil Code of California. The cross-complaint alleges that the said oral agreement was for a valuable consideration, which would appear to bring into play the provision of section 2794 (4), *supra,* that a promise to answer for the obligation of another is deemed an original obligation and need not be in writing where the promise is upon a consideration beneficial to the promisor. Respondents cannot expect this court to give any greater weight to this point than they themselves give to it in their briefs, or to determine a question only incidentally raised by them and which they apparently did not consider of sufficient consequence to justify more than passing consideration.

As to the point made by respondents that cross-complainant did not take steps under section 972 of the Political

Code, to be relieved of liability on its bond, the cross-complaint alleges the filing of a new bond by Kay, which action, assuming the validity of the new bond, relieved the Casualty Company of liability thereafter accruing on its bond. It is not necessary for a surety, in order to procure its release, to take action under both section 970 and sections 972-975, *supra*, the former evidently providing for securing release with the consent and cooperation of the public official for whom a bond is given, and the latter by compulsion. Obviously where an official voluntarily gives a new bond, it is unnecessary to take steps to compel him to do so.

The final question presented is whether the cross-complaint alleges matters proper to be set up by way of cross-complaint. Section 442 of the Code of Civil Procedure provides that whenever a defendant seeks affirmative relief against any party relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, he may, in addition to his answer, file at the same time, a cross-complaint. The cross-complaint in this action seeks affirmative relief, for it asks that if it be adjudged for any reason that cross-complainant must discharge any part of the obligation of the county clerk for which plaintiff is suing, it may be adjudged that cross-complainant is entitled to recover from cross-defendants, under their agreement with cross-complainant, the amount which it is required to pay to the county. It relates to the contracts sued upon by plaintiff, and the transaction and transactions upon which the complaint is based.

The fundamental reason for allowing cross-complaints is to have a complete determination of a controversy among the parties in the one action, thus avoiding circuity of action.

The opinion in *Eastin* v. *Roberts, Carpenter & Co.*, 19 Cal.App.2d 567, 570 [66 P.2d 224], states: "It has been said that the right to proceed by way of cross-complaint depends upon whether the matter set up therein bears a necessary relation to the matter constituting the cause of action, and if such relation be present it is immaterial that the relief sought is independent of that prayed for in the complaint; that the cross-complaint need not tend to diminish the plaintiff's recovery but may demand affirmative relief distinct from that demanded by the complaint. (*Hanes* v. *Coffee*, 212 Cal. 777 [300 P. 963]; *California Trust Co.* v.

*Cohn,* 214 Cal. 619 [7 P.2d 297].) By virtue of an enforceable promise to the debtor to pay his debt the promisor becomes as between the parties the true debtor, while the promisee occupies the relation of surety, and the creditor may enforce the original obligation against either or both. (Civ. Code, §§ 1559, 2854; *Kreling* v. *Kreling,* 118 Cal. 413 [50 P. 546].) These relations are most frequently illustrated in cases which involve the assumption of mortgages. In this connection it has been said that in order to avoid circuity of action and protect the mortgagor as the intermediate party from being compelled to pay the debt, and then to proceed for redress against the mortgagee who has assumed the mortgage debt, equity permits the mortgagee to bring all parties who are liable before the court and have their rights adjusted in a single suit. (*Hopkins* v. *Warner,* 109 Cal. 133 [41 P. 868].)'' Also, see *Thorpe* v. *Story,* 10 Cal.2d 104, 134-135 [73 P.2d 1194]; *Martin* v. *Hall,* 219 Cal. 334, 337 [26 P.2d 288]. We note that in *Thorpe* v. *Story, supra,* the cross-complaint therein filed asked, among other things, a declaration of the rights and liabilities of the parties. A broad and liberal interpretation of section 442 of the Code of Civil Procedure was there approved.

Respondents assert that the trial court will be able to make a complete determination of the matters alleged in the cross-complaint in the present action, on the trial of the main issue; but obviously if the court should find for some reason that the individual sureties are not liable on their bond, and that liability attaches under the bond of cross-complainant, no issue of liability of the cross-defendants to cross-complainant under their alleged oral agreement could be determined under the pleading in the main action, but a separate action would be necessary. The cross-complaint is relied upon to obviate such necessity, and to secure a declaration of the rights of the parties to the alleged oral agreement in the one action.

The order striking the cross-complaint is reversed.

Thompson, J., and Schottky, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 1, 1943.