[Civ. No. 16140. First Dist., Div. Two. Mar. 21, 1955.]

HARRY LINDER, Plaintiff, v. RUSSIAN HEALTH BATHS et al., Appellants; UNDERWRITERS AT LLOYDS, LONDON, Respondents.

W. M. Pinney, Jr., for Appellants.

Lamb, Hoge & Killion for Respondents.

NOURSE, P. J.—Plaintiff sued the Baths and four individuals for damages for injuries. The Russian Health Baths cross-complained against Lloyds seeking recovery on policies of insurance covering the operation of the baths. The demand was for the full sum claimed by plaintiff as damages, together with costs of defending the action and attorney's fees. Lloyds' demurrer to the cross-complaint was sustained without leave to amend upon the consent of these cross-complainants. The appeal from this judgment is clearly frivolous.

A party may not appeal from a judgment entered

with his consent. (*Adams* v. *Southern Pac. Co.,* 109 Cal.App. 728, 731 [293 P. 681] ; 3 Cal.Jur.(2d) p. 590.)

The issue of insurance was foreign to the pending cause of action for personal injuries. Judgment went to the Russian Health Baths on the main action for damages. Hence the plaintiff in that action was not, and could not have been made, a cross-defendant.

When a party plaintiff is not a party to an agreement between some of the defendants and a stranger to the action the controversy between the latter two parties cannot be made the subject of a cross-complaint in the main action. See *Alpers* v. *Bliss,* 145 Cal. 565, 570 [79 P. 171] ; *Metropolitan Casualty Ins. Co.* v. *Margulis,* 38 Cal.App.2d 711 [102 P.2d 459], where the court, in holding that a cross-complaint may not be filed against a stranger to the controversy, said (p. 716) : ''The ruling striking the cross-complaint works no prejudice upon cross-complainants, for the reason that it does not operate as a bar to any future action on their part. They are not precluded from proceeding in an independent suit against the named cross-defendants for breach of the contract allegedly existing between them and cross-complainants.''

Judgment affirmed.

Dooling, J., and Kaufman, J., concurred.