[Civ. No. 5246.   Fourth Dist.   Feb. 9, 1956.]

ARGONAUT INSURANCE EXCHANGE, Plaintiff, v. SAN DIEGO GAS AND ELECTRIC COMANY, Appellant; CHAGNON ELECTRIC COMPANY, INC. (a Corporation), Respondent.

James W. Brewer for Appellant.

Dryden, Harrington, Horgan & Swartz for Respondent.

BARNARD, P. J.—The plaintiff brought this action against the defendant San Diego Gas and Electric Company. The complaint alleged that the plaintiff was the Workmen's Compensation Insurance carrier for the Chagnon Electric Company; that one Nelson, an employee of Chagnon Electric Company, was injured while in the course of his employment; that his injuries were directly and proximately caused by the negligence of the defendant gas company; and that because of these injuries and pursuant to the workmen's compensation statutes the plaintiff, as the insurer of Chagnon Electric Company, had been obliged to pay the workmen's compensation amounting to $6,662.75. Based on a subrogation theory, the plaintiff prayed for judgment against the gas company for $6,662.75 as reimbursement for the amount it had been obliged to pay.

So far as material here, the defendant gas company filed a cross-complaint naming the Chagnon Electric Company as the cross-defendant. It was alleged therein that the cross-defendant was performing work under a written contract for the cross-complainant at the time of the accident; that the cross-defendant and its agents, including Nelson, were guilty of negligence which caused or contributed to the accident; and that by a written contract between them the cross-defendant had agreed to indemnify and save harmless the cross-complainant from all loss, damage or liability that might arise from the accident in question. The prayer was that in the event the plaintiff should recover judgment against the cross-complainant, it should have judgment in the same amount against the cross-defendant. The cross-defendant Chagnon Electric Company filed a demurrer to the cross-complaint which was sustained without leave to amend, and judgment was entered decreeing that the gas company take nothing by reason of its cross-complaint.

The defendant gas company has appealed from the judgment, contending that its cross-complaint stated a cause of action in that it alleged a contract under which Chagnon Electric Company agreed to indemnify and save harmless the gas company from any loss or liability that might arise from this accident; that sections 442 and 389 of the Code of Civil Procedure were designed to prevent a multiplicity of suits and should receive a liberal construction; that the cross-defendant is in the place of an indemnitor and would be the one actually liable if the plaintiff is successful in the original action; and that the cross-defendant is a necessary party to the original action in order to determine the question of ultimate liability in this one action.

The appellant relies on *Eastin* v. *Roberts, Carpenter & Co.,* 19 Cal.App.2d 567 [66 P.2d 224]; *Kent* v. *Clark,* 20 Cal.2d 779 [128 P.2d 868, 142 A.L.R. 576]; *Television Arts Prod., Inc.* v. *J. Fairbanks, Inc.,* 134 Cal.App.2d 293 [285 P.2d 695]; and *Atherley* v. *MacDonald, Young & Nelson, Inc.,* 135 Cal. App.2d 383 [287 P.2d 529]. In the Eastin case, the cross-defendant had taken over the assets of a business and had agreed to pay the note upon which plaintiff's suit was based. The cross-defendant's obligation related directly to the note involved in the original action, and the court pointed out that the situation was one where the plaintiff was entitled to enforce the original obligation against either the defendant or the cross-defendant, that such a relationship is most frequently illustrated in cases which involve the assumption of mortgages, and that in such a situation equity will permit the mortgagee to bring in the party primarily liable in order to avoid circuity of action. In the Kent case, no new party was brought in and the claim of each party was based upon the effect of the same contract. In that case, the court said:

"If the defendant's pleading sets forth matter inextricably related to the matter forming the basis of the plaintiff's complaint, it meets the statutory requirements of a cross-complaint, . . ."

In both the Television Arts case and the Atherley case the cross-defendant was named in the original action as a co-defendant of the cross-complainant.

██ The only authorization for the filing of a cross-complaint is found in sections 442 and 389 of the Code of Civil Procedure. ██ The distinction between the effect of the provisions of section 442 and those contained in section 389 is pointed out in *Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171],

and in *Atherly* v. *MacDonald, Young & Nelson, Inc.*, 135 Cal.App.2d 383 [287 P.2d 529]. In *Alpers* v. *Bliss,* 145 Cal. 565 [79 P. 171], the court stated that a defendant's right, under section 442, to file a cross-complaint is limited to cases in which he seeks affirmative relief against a "party" to the action, and that he may not file a cross-complaint for affirmative relief against one who is not already a party to the action without first obtaining permission from the court. Also, that section 389 permits the bringing in of a new party to the action only when a complete determination of the controversy cannot be had without the presence of such other party.

■ As stated in *Atherley* v. *MacDonald, Young & Nelson, Inc.,* " 'Thus the test for a cross-complaint against a new party is more stringent than that governing cross-claims against the plaintiff or codefendants. Under Code of Civil Procedure, section 389, the stranger must be a party *necessary to a complete determination of the controversy between the original parties.' "* In *Linder* v. *Russian Health Baths,* 131 Cal.App.2d 621 [281 P.2d 314], the court said:

"When a party plaintiff is not a party to an agreement between some of the defendants and a stranger to the action the controversy between the latter two parties cannot be made the subject of a cross-complaint in the main action."

While the facts therein were somewhat different from those in the above cited cases, the same principles were applied in *Metropolitan etc. Co.* v. *Margulis,* 38 Cal.App.2d 711 [102 P.2d 459].

■ Applying the established rules to the facts of this case it must be held that the appellant was not entitled, as a matter of right, to maintain the cause of action set forth in its cross-complaint as a part of the original action. The presence in the action of the cross-defendant was not essential to the complete determination of the controversy between the original parties to the action. No claim was asserted in the cross-complaint against any other party to the original action and, in fact, appellant's claim against the cross-defendant was conditional and depended upon the result of the decision in the original action. In this respect, the situation here was similar to the ordinary one where a plaintiff must first recover a judgment against a defendant in a negligence case before he may sue the defendant's insurance carrier. The cross-complaint was based on an agreement between the appellant and the respondent, to which agreement the original plaintiff was not a party and could not have been a party.

If it be assumed that the matter of permitting this cross-complaint to be maintained was one within the discretion of the trial court, no abuse of that discretion appears.

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.