[Civ. No. 28053.   Second Dist., Div. Four.   Aug. 6, 1964.]

JACK A. MOSS et al., Plaintiffs and Appellants, v. JAMES W. BLUEMM, Defendant and Respondent.

Arthur Garrett for Plaintiffs and Appellants.

Zahradka, Glines & McNeil and Robert Glines for Defendant and Respondent.

KINGSLEY, J.—Plaintiff, Mrs. Ruby Moss, was involved in an automobile accident in Los Angeles County on September 28, 1958. In June of 1959, plaintiff and her husband retained an attorney to handle her claim for personal injuries and her husband's claim for automobile damage. Thereafter, plaintiffs' attorney had discussions and correspondence with an adjuster for defendant's insurance company with regard to settling plaintiffs' claims. The attorney testified: that, sometime between July 17, 1959, and August 19, 1959, the adjuster talked with him about making a better offer of settlement; the attorney was told he wouldn't have to worry about the one-year statute of limitations; the statute expired on plaintiffs' claims on September 29, 1959; there were no further conversations between the attorney and the adjuster until August 30, 1960; at that time the adjuster told the attorney he had let the statute run and would pay nothing.

On September 27, 1960, a suit was filed against defendant for personal injuries and automobile damage. Plaintiffs, in paragraph VII of their complaint, in order to avoid the statute of limitations, alleged that an adjuster for defendant's insurance company induced their attorney to delay filing suit until a further offer of settlement was made and promised not to invoke the statute of limitations. Defendant, in his answer, as a third, separate, and affirmative defense, pled that plaintiffs' action was barred by the one year statute of limitations. (Code Civ. Proc., § 340, subd. 3.)

In the joint pretrial statement, among the issues set forth to be decided at the trial, were the statute of limitations and whether defendant was estopped to raise this defense. At the time of trial, pursuant to section 597 of the Code of Civil Procedure, the court ordered, over plaintiffs' objections, that the question as to the validity of the statute of limitations as a defense should be heard first, and this issue was to be tried without a jury. Plaintiffs' attorney testified as above

set out. The adjuster denied making the representations as alleged, and testified to a different series of conversations. At the conclusion of the evidence, resolving the conflict, the court found that Mrs. Moss' claim for personal injuries was barred by the statute of limitations. With respect to Mr. Moss' claim for automobile damage, the defendant stipulated that judgment could be given against him in the sum of $192.50, which was agreed to be the reasonable cost of repairs for damages to plaintiff's automobile. The court gave judgment in this amount despite Mr. Moss' demand that the issue of property damage be tried before a jury. From this judgment plaintiffs prosecute this appeal.

## I

This appeal is primarily limited to the single issue of whether Mrs. Moss was entitled to a jury trial on the special issue as to whether or not defendant was estopped to use the statute of limitations as a defense to her action for personal injuries. It is Mrs. Moss' contention that she was entitled to a jury trial on this issue and that the denial thereof automatically constitutes reversible error. (*People* v. *One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283 [231 P.2d 832].)

At the outset it should be noted that plaintiffs do not attack the propriety of the court's action in ordering that the issue of the statute of limitations be tried first separately. Plaintiffs concede that this action was solely within the discretion of the court. (Code Civ. Proc., §§ 597, 2042.) Nor do they contend that the evidence fails to support the findings of fact as made and entered.

It is well settled that, where it affirmatively appears from the face of the complaint that the statute has run, the plaintiff may sustain his action by alleging facts creating an estoppel to set up the defense. (2 Witkin, Cal. Procedure, Pleading, § 481, p. 1466.) The estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which has induced the belated filing of the action. It has been said that " '[o]ne cannot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought.' " (*Carruth* v. *Fritch* (1950) 36 Cal.2d 426, 433 [224 P.2d 702, 24 A.L.R.2d 1403].)

Although estoppel is an equitable defense (*Young* v.

*Bank of California* (1948) 88 Cal.App.2d 184 [198 P.2d 543]), the doctrine of equitable estoppel is today, under California pleading and practice, available in actions at law as well as suits in equity. (*Chahon* v. *Schneider* (1953) 117 Cal.App. 2d 334 [256 P.2d 54].) ■ And when there are separate causes of action, defenses or severable important issues in both law and equity in the same case, the court may first decide the equitable issues and submit the legal issues to the jury if any remain. Ordinarily, the practical reason for this procedure is that the trial of the equitable issues may dispense with the legal issues and end the case. (*Connell* v. *Bowers* (1942) 19 Cal.2d 870 [123 P.2d 456]; *Angus* v. *Craven* (1901) 132 Cal. 691, 699-700 [64 P. 1091], concurring opinion of Henshaw, J.; *Alton* v. *Rogers* (1954) 127 Cal. App.2d 667, 676 [274 P.2d 487].) ■ Plaintiffs, in their affirmative pleading asked the court to exercise its equity jurisdiction to prevent the defendant from using the statute of limitations against them. Since equity power was to be used, the court properly ruled, under the prevailing authority, that they could not have this issue presented to the jury for its final decision. (Cf. *Ford* v. *Palisades Corp.* (1950) 101 Cal.App.2d 491, 498-499 [225 P.2d 545].)

II

■ Since plaintiffs recovered the amount stipulated to represent the cost of repairs to the automobile, the trial court ruled that no issue remained to be tried, and that the impanelment of a jury would be frivolous.[1] Since plaintiffs' counsel conceded, in the trial court and in his brief in this court, that the only evidence as to property damage would be an estimate of repairs in the amount of $192.50, and since defendant stipulated that judgment could be entered against him in that amount, the contention that there was an issue of property damage which should have gone to a jury is patently without merit.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 7, 1964.

---

[1]No question of the statute of limitations as to this claim was involved. (Code Civ. Proc., § 338, subd. 3.)