[Civ. No. 29377.   Second Dist., Div. Four.   Jan. 16, 1967.]

ALBERTA LEE JONES, Cross-complainant and Appellant, v. RUSS DAVIS FORD, Cross-defendant and Respondent.

Hollopeter & Terry and Don H. Terry for Cross-complainant and Appellant.

Martin, Stamp & Bruggeman and Steven M. Martin for Cross-defendant and Respondent.

BISHOP, J. pro tem.*—An automobile accident that took place August 10, 1963, was the starting point of the present lawsuit. The first procedural step was the inauguration of arbitration proceedings by our present appellant Alberta Lee Jones, who was injured. Prompted by the arbitration, the plaintiff Interinsurance Exchange of the Automobile Club of Southern California brought an action for declaratory relief, naming as defendants: our appellant; The Travelers Insurance Company (Travelers); Pacific Automobile Insurance Company (Pacific Auto); Russ Davis Ford, a corporation; Al Brouillard and Frank Corrente. Concerning them the plaintiff alleges: that on or about July 10, 1963, defendant Brouillard delivered an automobile owned by him, and insured by defendant Pacific Auto, to Russ Davis Ford for repairs, borrowing to replace it, a 1958 Ford owned by defendant Russ Davis Ford, who carried insurance issued by defendant Travelers covering personl injuries caused by anyone operating one of its cars; that defendant Frank Corrente, on August 10, 1963, was driving the 1958 Ford, with the permission of defendants Brouillard and Russ Davis Ford, when it collided with an automobile owned and being driven by our appellant, defendant Alberta Lee Jones; that she was insured by the plaintiff under a policy "containing a standard form uninsured motorist coverage;" that our appellant, early in May 1964, filed with American Arbitration Association a demand for arbitration of her claim against the plaintiff for damages and personal injuries on the ground that defendant Corrente and the 1958 Ford were uninsured. The concluding allegation in the complaint which we shall note, is plaintiff's claim that the only questions that could be submitted to arbitration were (1) whether the appellant-defendant is legally entitled to damages against the alleged uninsured motorist and, if so (2) the amount thereof.

On September 13, 1964, defendant Alberta Lee Jones filed her cross-complaint naming only three of her codefendants— Al Brouillard, Frank Corrente and Russ Davis Ford — as cross-defendants, and not naming the plaintiff as one. By her cross-complaint she sought $10,000 general damages for personal injuries and further sums for loss of earnings, and $400 because of damage to her car, all of which she blamed on the negligent driving by cross-defendant Corrente while acting

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

as the agent of defendant Brouillard of the 1958 Ford belonging to Russ Davis Ford.

The cross-defendant Russ Davis Ford, on October 20, filed a notice of motion to strike the cross-complaint and at the same time filed a demurrer to the cross-complaint. One of the grounds of the demurrer was the failure of the cross-complainant to state a cause of action ''by reason of the fact that said cross-complaint is barred by the statute of limitations, to-wit, section 340(3) of the Code of Civil Procedure.'' The reference, of course, was to subdivision 3 of section 340, which prescribes one year as the time for the commencement of ''An action for . . . injury to . . . one caused by the wrongful act or neglect of another.'' The court made an order striking the cross-complaint but ordered the demurrer off calendar ''as moot.''

The cross-complainant appealed from the order striking her cross-complaint and, although the parties raised no question about it, we wondered if an appeal was authorized. We not infrequently read such statements as this, found in *Keenan* v. *Dean* (1955) 134 Cal.App.2d 189, 191 [285 P.2d 300, 302] : ''In the normal situation where the complaint and cross-complaint are both filed in the superior court an order striking a cross-complaint is a nonappealable order. . . .'' But we note that the words quoted were soon followed by these: ''If, however, the cross-complaint . . . names a codefendant a cross-defendant, the general rule is not applicable. . . . [citing cases]''

The general rule and the exceptions were discussed in *Yandell* v. *City of Los Angeles* (1931) 214 Cal. 234 [4 P.2d 947]. The court took note of *Howe* v. *Key System Transit Co.* (1926) 198 Cal. 525 [246 P. 39], observing, ''In that case . . . the cross-complaint was filed by several defendants against other defendants, . . . The court held that, as to the cross-complaining defendants the order was a final determination of their cause of action against the other defendants, and that it was severable from the judgment in the main action.'' To the same effect see *People* v. *Buellton Development Co.* (1943) 58 Cal.App.2d 178, 181 [136 P.2d 793, 795], where some of the defendants were cross-complaining against their codefendants. (See also *Humboldt County* v. *Kay* (1943) 57 Cal. App.2d 115, 119 [134 P.2d 501] ; *Atherley* v. *MacDonald, Young & Nelson, Inc.* (1955) 135 Cal.App.2d 383, 385 [287 P.2d 529, 531], and 3 Witkin, Cal. Procedure (1954) § 13, p. 2154.)

We are convinced that the appeal is authorized in this case, where all cross-defendants were codefendants. ■ Next comes the question: Was the filing of the cross-complaint authorized? Since 1957 the pertinent portion of section 442, Code of Civil Procedure, has read as follows: "Whenever the defendant seeks affirmative relief against any person, whether or not a party to the original action, relating to or depending upon the contract, transaction, matter happening or accident upon which the action is brought . . . he may . . . file . . . a cross-complaint."

The position of the respondent, taken in its points and authorities filed in support of its motion to strike, that because the plaintiff was not named as a cross-defendant it was "not a true cross-complaint," was not well taken before 1957, and, since the 1957 substitution of "any person, whether or not a party to the original action" for "any party," it is even less a valid position today. A reading of the cross-complaint makes plain that the cross-complainant, who was one of the original defendants, seeks affirmative relief, to-wit, a judgment for more than $10,000, against defendant and cross-defendant Russ Davis Ford, a corporation, among others, because of the accident which inflicted damages upon her person and her car. ■ This leaves the crucial question: "Was the action brought upon the accident?"

Respondent takes the position that the answer to this question must be "no," contending that "the findings and judgment as between the plaintiff . . . and the appellant will be the same regardless of whether appellant would win or lose her personal injury cross-complaint against the other defendants." We are not persuaded by this contention for two reasons. In the first place, to quote from *Bracey* v. *Gray* (1944) 65 Cal.App.2d 282, 286 [150 P.2d 564, 566]. relied upon by the respondent: "Under the provisions of [Code Civ. Proc., § 442] the test is whether the matter alleged in the cross-complaint bears the necessary and proper relation to the matter constituting the cause of action. It is true that if such relation is present it is immaterial that the relief sought by the cross-complaint is independent of and different from that prayed for in the complaint. And the cross-complaint . . . may demand affirmative relief distinctive from that prayed for in the complaint." The second reason is that it may turn out that the driver of the 1958 Ford was not negligent, or that his negligence was not a contributing cause of the acci-

dent. In this event there will be no purpose whatever in determining any issue of the main cause.

It should not be forgotten that the first procedural step in our case was taken by the cross-complainant when she started arbitration proceedings against the plaintiff, seeking a determination that it was liable as her insurer because of the accident. The present action for declaratory relief was not brought to obtain answers to some academic questions, but to questions that would not be asked but for the accident, and to which answers were being sought by the cross-complainant. We are convinced that it can be said that the action was "brought upon the accident" of August 10, 1963, within the meaning of section 442.

At times objection is made to cross-complaints for declaratory relief on the ground that they will unduly complicate a trial for other relief. (See *Roylance* v. *Doelger* (1962) 57 Cal.2d 255 [19 Cal.Rptr. 7, 368 P.2d 535].) As these cases point out, this is a question, not of the propriety of an action for declaratory relief being involved with one with a different purpose, but of the wisest way to try the issues. We would expect, in this case, that, as a part of the pretrial order, it would be directed that the issue of responsibility for the accident be tried and determined before the court undertook to determine upon whom the burden should fall, if upon any party.

One matter remains for our consideration. We introduce it by this quotation from respondent's brief: "Respondent's demurrer and motion to strike relied upon the main ground that the one-year statute of limitations for personal injury actions had run against appellant." It is true that that was a ground of respondent's demurrer, still to be ruled upon, but if it ever was made a ground of respondent's motion it was by virtue of its oral argument. The notice of the motion to strike gave warning that it would be made, "upon the ground that said cross-complaint is a sham and irrelevant matter and pleading," but made no mention of the statute of limitation. The memorandum of points and authorities filed in support of the motion made no reference whatever to the statute of limitations.

We agree with respondent that the fact that the *plaintiff* filed its complaint before the statute had run on the cross-complainant's causes of action did not serve to toll the time on her cross-action for personal injuries against defendant and cross-defendant Russ Davis Ford. (*Western Pipe & Steel*

*Co.* v. *Tuolumne Gold Dredging Corp.* (1944) 63 Cal.App.2d 21, 30-32 [146 P.2d 61, 66].) However, the cross-complaint, in addition to stating a cause of action for the recovery of damages due to personal injuries, also stated a cause of action for the recovery of damages inflicted on cross-complainant's automobile. This it could do (*Farvour* v. *Geltis* (1949) 91 Cal.App.2d 603, 605 [205 P.2d 424, 425]) and on this count the three-year statute applied (see note to *Moss* v. *Bluemm* (1964) 229 Cal.App.2d 70, 73 [40 Cal.Rptr. 50, 52]) and had not run. At best, therefore, the order striking the entire cross-complaint was too broad (see *Loope* v. *Greyhound Lines, Inc.* (1952) 114 Cal.App.2d 611, 615 [250 P.2d 651, 653]) and should not have been made.

The order appealed from is reversed.

Jefferson, Acting P. J., and Kingsley, J., concurred.